UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 05-61959-CIV-MARRA/JOHNSON

WINNIEFRIED RAMSAY,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant's Motion for Attorney's Fees and Additional Costs (DE 130) and Defendant's Verified Motion to Tax Costs (DE 131), filed February 6, 2008. To date, Plaintiff has not filed a response. The Court has carefully considered the motions and is otherwise fully advised in the premises.

On January 7, 2008, the Court granted summary judgment in favor of Defendant Broward County Sheriff's Office ("Defendant") and against Plaintiff Winniefried Ramsay ("Plaintiff"). As a result of that judgment, Defendant argues that it is entitled to attorneys fees and costs pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 200e-5(k); Fed. R. Civ. P. 11, 54; and S. D. Fla. L. R. 7.3. Likewise, Defendant argues that it is entitled to payment for costs incurred under Fed. R. Civ. P. 54(d).

Attorney's Fees

In general, absent a statutory exception, litigants must pay their own attorney's fees.

1

*Alyeska Pipeline Co. v. Wildernes Society*, 421 U.S. 240, 247 (1975).  Title VII allows the Court, in its discretion, to award "a reasonable attorney's fee" to the prevailing party in litigation.  42 U.S.C. § 200e-5(k).  The Supreme Court has held that attorney's fees should not be assessed against a plaintiff under Title VII unless the plaintiffs claim was "frivolous, unreasonable, or groundless."  *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978).[1]  In determining whether a plaintiff's claim was frivolous, unreasonable, or groundless, the Court must "focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."  *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981).[2]

The Eleventh Circuit has elucidated three general factors for the Court to consider to determine whether a claim is frivolous or unreasonable: 1.) whether the plaintiff established a prima facie case of discrimination or retaliation; 2.) whether the defendant offered to settle the claim; and 3.) whether the Court dismissed the case prior to trial.  *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).  Nevertheless, in *Sullivan*, the court emphasized that these factors are "general guidelines only" and that "[d]eterminations regarding

---

[1] The purpose of allowing attorney's fees to the prevailing party in a civil rights action is to given incentive to plaintiffs to act as "private attorneys general" and vindicate "a policy that Congress considered of the highest priority."  *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).  In a civil rights action, a plaintiff does not generally receive damages, and "[i]f successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts."  *Id.*  To counterbalance this substantial incentive for potential plaintiffs to bring actions, fee awards are available for defendants primarily to deter plaintiffs from bringing entirely baseless litigation.  *Christiansburg*, 434 U.S. at 420.

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

frivolity are to be made on a case-by-case basis." *Id*.

Defendant is correct that Plaintiff failed to establish a prima facie case of discrimination or retaliation. (DE 125.) Defendant is also correct that the Court dismissed this case prior to trial. These factors may create an inference that Plaintiff's claim was frivolous. The second factor, whether the defendant offered to settle the claim, does not weigh in favor of either party because Defendant has not demonstrated any evidence (including an amount) of a settlement offer. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of an offer of a substantial amount in settlement, this factor does not support either party."). Thus, the general guidelines suggest that an award of fees in favor of Defendant may be appropriate.

Nevertheless, the Court does not believe that an award of attorney's fees and costs is appropriate in this case. Plaintiff pursued her action *pro se*. When evaluating her potential claims, Plaintiff did not have the benefit of a legal education to determine whether her claims were frivolous or meritless. *Cf. GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding, in the context of a motion to dismiss, that courts should allow more leniency to *pro se* litigants because they do not have the benefit of a legal education). Given the Court's obligation to construe *pro se* pleadings liberally, the Court finds that awarding attorney's fees and costs against a *pro se* Plaintiff because Plaintiff's liberally-construed claims were determined to lack merit would create a legal Catch-22. Under Defendant's logic, *pro se* Plaintiffs would be allowed to proceed in their civil rights cases because of their lower burden of pleading, but if they survived the motion to dismiss stage, they would be obligated for attorney's fees if their claims were ultimately determined to lack merit. As a matter of fairness, the Court does not believe that it can allow a plaintiff's claim to go forward with the spectre of fee awards

looming if plaintiff does not succeed on the merits.[3]  Such an approach would chill future plaintiffs from bringing civil rights actions and utterly destroy the public policy reasons for allowing victorious plaintiffs to recover attorney's fees in the first instance.

Furthermore, the Court does not believe that Plaintiff's claim was utterly frivolous.  For instance, Plaintiff alleged a claim of age discrimination based on Defendant's failure to promote her to the position of Child Investigative Supervisor.  (DE 125/22 at 6.)  The Court found that Plaintiff had established three of the four elements of a prima facie case of age discrimination: Plaintiff was a member of the protected class, she was subjected to an adverse employment action (namely, not being promoted), and she lost the position to a younger individual.  (DE 125/22 at 6-7.)  With respect to the last prong, whether Plaintiff was qualified for the position, the Court found that Plaintiff had not come forward with sufficient evidence to sustain her burden.  (*Id.*)  The position which Plaintiff sought required a bachelor's degree in social services, psychology, or criminal justice, along with one to three years of supervisory experience.  (*Id.* at 8.)  Plaintiff had a master's degree in criminal justice (which exceeded the requirements of the position) and several years of supervisory experience.  (*Id.* at 7-8.)  However, Plaintiff ultimately failed to carry her burden with respect to this factor because the Court found that the position required supervisory experience in the social services field, and Plaintiff did not show that her supervisory experience was related to social services programs or child protective services. (*Id.* at 8.)  The fact that *pro se* Plaintiff did not produce the proper evidence at summary

---

[3]The Court wishes to emphasize that an award of attorney's fees and costs against a *pro se* plaintiff can be warranted.  In fact, this Court has awarded defendants attorney's fees and costs in litigation brought by *pro se* plaintiffs.  *See, e.g., Merget v. Moss*, No. 03-60896 (S.D. Fla. Sept. 22, 2006).  However, in such cases, the evidence of frivolity and unreasonableness far exceed what Defendant has demonstrated in this case.

judgment does not *ipso facto* mean that her claim lacked any merit whatsoever.  Losing a case before trial does not mean that the case lacked any foundation in fact or law.  For these reasons, Defendant's motion for attorney's fees should be denied.

Taxation of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that costs (other than attorney's fees) "should be allowed to the prevailing party."  In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987), the Supreme Court held that a court can only award "costs" for the specific items enumerated in 28 U.S.C. § 1920.  Pursuant to Rule 54(d)(1), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480F.3d 1265, 1276 (11th Cir. 2007).  To deny an award of costs to the prevailing party, a court must provide a sound basis for its decision.  *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

The Eleventh Circuit has held that a "non-prevailing party's financial status is a factor that a district court may . . . consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000).  In considering this factor, the Court must have documentation of the party's "true inability to pay." *Id.*

In this case, Plaintiff did not submit any documentation of her inability to pay costs. However, the Court notes that Plaintiff filed an Application to Proceed on Appeal without Prepayment of Fees (DE 128) which details Plaintiff's financial condition.  According to her affidavit, Plaintiff receives a monthly income of roughly $1000.00 with no substantial savings and no significant assets. While the Court recognizes Plaintiff has a limited ability to pay such costs, the Court does not believe that Defendant's demand is an unreasonable sum for Plaintiff to

pay. Thus, Defendant's motion is granted, and Plaintiff shall reimburse Defendant $2,225.17 for costs incurred in its defense.[4]

**Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Attorney's Fees and Additional Costs (DE 130) is **DENIED**.

2. Defendant's Verified Motion to Tax Costs (DE 131) is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

[4]The costs include the following:
a. Fees for the court reporter for Plaintiff's deposition: $855.45
b. Fees for copies of papers obtained for use in this case (at $0.15/page): $1369.72
    1. Copying documents for Court's consideration and for service on Plaintiff: $1,073.25
    2. Copying of documents for depositions and discovery: $189.47
    3. Miscellaneous copying for discovery, pleadings, correspondence: $107.00